# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-cv-00122-MOC-DSC

| | |
|---|---|
| STEVEN LEE CLARK, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER AFFIRMING MEMORANDUM AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an

1

objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

I.      **First Objection**

Plaintiff first contends that the ALJ failed to properly apply the treating physician rule to the opinions of plaintiff's treating physician, Dr. Emerson. Review of the M&R reveals that the magistrate judge considered this issue and held, as follows:

> Plaintiff alleges that the ALJ improperly evaluated the opinions of Dr. Russell I. Emerson, his family physician, and Dr. James E. Neal, his treating internist. The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§04.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178, citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).
>
> The ALJ stated that he "c[ould] give neither physician's opinion much weight" and then explained his reasoning. (Tr. 21). The ALJ correctly found that there were few positive objective findings beyond two MRIs. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (less weight may be given to treating physician opinions primarily based on subjective complaints). There is substantial evidence that is inconsistent with the opinions of Plaintiff's treating physicians.

2

M&R, at 4-5. In objecting to such finding, plaintiff has merely reasserted his earlier argument, but has not shown how the magistrate judge's recommended resolution of such issue is clearly erroneous or contrary to law. Review of the M&R reveals that such determination is entirely consistent with current case law and is further supported by the administrative record, inasmuch as the opinions of plaintiff's treating physicians are inconsistent with substantial evidence of record.

The medical opinion of a treating physician may be disregarded only if there is persuasive contradictory evidence. Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983). Objective medical facts and the opinions and diagnoses of the treating and examining doctors constitute a major part of the proof to be considered in a disability case and may not be discounted by the ALJ. Id., at 187. A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Id. However, even the opinion of a treating physician may be disregarded where it is inconsistent with clearly established contemporaneous medical records. See 20 C.F.R. § 404.1527(d)(4). When evaluating the opinion of a treating physician, the ALJ must consider whether the opinion should be given controlling weight. 20 C.F.R. § 4041527(d)(2). Controlling weight is afforded where:

(1)  the opinion is from a treating source;

(2)  is a medical opinion concerning the nature and severity of the plaintiff's impairment; and

(3)  is well-supported by medically acceptable clinical and laboratory diagnostic techniques.

See S.S.R. 96-2p. As the ALJ properly found that the physicians' opinions were: (1) based mostly on subjective complaints; (2) largely unsupported by positive objective findings; and (3) inconsistent with Plaintiff's work history, A.R., 21-22, the first objection is overruled.

## II. Second Objection

Plaintiff next contends that, as to his hand limitations and carpal tunnel syndrome ("CTS"), Dr. Emerson's opinions were supported by a nerve conduction study and that the doctor adequately explained plaintiff's hand limitations. The magistrate judge determined that there was little evidence of record to support a finding that CTS impacted plaintiff's ability to work, M&R, at 7, finding, as follows:

> Dr. Neal provided no explanation for his conclusions regarding Plaintiff's ability to manipulate objects. (Tr. 301-302). Dr. Jessup opined that Plaintiff could "frequently" but not "constantly" perform bilateral handling. (Tr. 22, 265). Dr. Neal never mentioned carpal tunnel syndrome in his disability opinion. (Tr. 288).

Id. Contrary to plaintiff's objection, the record does not contain the results of any nerve conduction study and Dr. Emerson neither provided an explanation nor cited the results of any tests which support his conclusions as to plaintiff's hand limitations. Moreover, as the magistrate judge determined, the ALJ's Residual Functional Capacity ("RFC") determination that claimant had the capacity for work at the medium exertional level was fully supported by "a large body of evidence." Id. At steps one through four, it is plaintiff's burden to prove those limitations he contends to be disabling. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). The court will, therefore, overrule plaintiff's second objection.

## III. Third Objection

In his third objection, plaintiff contends that the ALJ failed to correctly address his credibility under a so-called "enhanced credibility doctrine" based on plaintiff's extensive work history. Such doctrine is not recognized in the Fourth Circuit and plaintiff fails to cite the court to any decision within this circuit applying such doctrine. Such issue was recently considered and rejected by another district court within the Fourth Circuit:

4

> The requirement that the ALJ make a credibility determination based on these factors would be meaningless if a long work history *standing alone* established "substantial credibility." Fourth, and most significantly, the ALJ's decision did take into consideration Claimant's well-established work history. (Tr. at 16–18). Although Claimant's work history is commendable, it is not sufficient in and of itself to entitle Claimant to "substantial credibility" given the lack of evidence corroborating Claimant's testimony.

Jeffries v. Astrue, 2012 WL 314156, 25 (S.D.W.Va. Feb, 1, 2012). As in Jeffries, the ALJ gave here gave appropriate consideration and weight to claimant's work history in his analysis. See A.R., at 19-22. Finally, plaintiff did not raise such doctrine before the magistrate judge. For the M&R process to work, a party should not raise new issues without first showing excusable neglect for failing to raise such issue before the magistrate judge.

Plaintiff also contends that his receipt of unemployment insurance benefits does not preclude a finding of disability, and that the ALJ's consideration of such fact in making his credibility determination was error. The ALJ determined in relevant part as follows:

> The claimant is alleging disability since early 2007 due to disabling back pain. However, the record shows that for much of that time the claimant was in fact either working, performing heavy labor, was seeking work or was collecting unemployment benefits.

A.R., at 21. In turn, the magistrate judge concluded that "the ALJ properly relied on work history and numerous related inconsistencies in discounting Plaintiff's credibility." M&R, at 10. While receiving unemployment benefits may not *always* preclude a finding of disability, it is among the many factors that may well support a determination that a claimant is not credible, inasmuch as representing to a state employment agency that one is able to work is usually inconsistent with a claim of disability. See Schmidt v. Barnhart, 395 F.3d 737, 746 (7th Cir.2005) (finding "claimant's decision to apply for unemployment benefits and represent to state

authorities and prospective employers that he is able and willing to work" is a factor in assessing his subjective complaints of disability); Cox v. Apfel, 160 F.3d 1203, 1208 (8th Cir.1998) ("we have held that the acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially inconsistent with a claim of disability"). This objection is overruled.

* * *

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections (#17) of plaintiff are **OVERRULED,** the Memorandum and Recommendation (#16) is **AFFIRMED,** plaintiff's Motion for Summary Judgment (#12) is **DENIED**, the Commissioner's Motion for Summary Judgment (#14) is **GRANTED,** the Commissioner's final determination is **AFFIRMED,** and this action is **DISMISSED**.

Signed: December 27, 2012

Max O. Cogburn Jr.
United States District Judge